# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT



No. 09-60421
USDC No. 3:09-CV-305

U.S. COURT OF APPEALS
FILED
AUG 5 2009
CHARLES R. FULBRUGE III
CLERK

IN RE: QUINCEY B. CARPENTER,

                        Petitioner

Petition for a Writ of Mandamus
to the United States District Court
for the Southern District of Mississippi

Before JONES, Chief Judge, and PRADO and HAYNES, Circuit Judges.

PER CURIAM:

    Quincey Carpenter has filed in this court a pro se petition for a writ of mandamus and a motion requesting leave to file his mandamus petition in forma pauperis (IFP). The motion for leave to proceed IFP is GRANTED.

    On May 19, 2009, Carpenter filed in the district court a suit challenging a decision of the Commissioner of Social Security allegedly suspending his disability benefits without notice, cause, or an opportunity to appeal. Carpenter moved for a temporary restraining order in the same pleading. So far there has been no further activity in the case. Carpenter asks that we order the district court to hold immediate hearings and to order a temporary restraining order or an injunction requiring the Commissioner to restore his benefits pending judicial review of the Commissioner's decision. He cites 5 U.S.C. § 705, which permits the Commissioner or the district court to delay the effective date of agency action pending judicial review; 5 U.S.C. § 706, which concerns judicial review of agency

decisions; and 45 C.F.R. § 233.10(b)(5), which provides for limited financial assistance after an agency decision reducing or terminating benefits due to changed circumstances.

Carpenter's district court complaint is terse. It is amply supported by documentation concerning his claim that he is bipolar and in need of regular treatment and daily medication, but it makes no reference to the status of his administrative proceedings with the Social Security Administration nor to any documentation of the alleged termination of benefits. Nor does his mandamus petition reflect any administrative proceedings other than his bare statement that his benefits have been terminated.

The mandamus remedy is an extraordinary one, granted only in the clearest and most compelling cases in which a party seeking mandamus shows that no other adequate means exist to attain the requested relief and that the right to the issuance of the writ is "clear and indisputable." *In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987). Carpenter's suit has been pending for little more than two months. He filed this mandamus petition two weeks after filing his suit. At this early stage of the proceedings, we decline to interfere with the district court's handling of its docket.

The petition for a writ of mandamus is DENIED as premature without prejudice to Carpenter's refiling at an appropriate time.

A true copy
Attest:
Clerk, U.S. Court of Appeals, Fifth Circuit
By_____
Deputy
New Orleans, Louisiana   05 AUG 2009

**United States Court of Appeals**
FIFTH CIRCUIT
OFFICE OF THE CLERK

CHARLES R. FULBRUGE III
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

August 05, 2009

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

    No. 09-60421   In re: Quincey Carpenter
        USDC No. 3:09-CV-305

Enclosed is an order entered in this case.

                              CHARLES R. FULBRUGE III, Clerk

                              By: _____
                              Dawn D. Victoriano, Deputy Clerk
                              504-310-7717

Mr. Quincey B Carpenter
Mr. J T Noblin
Honorable Daniel P. Jordan III